

ORIGINAL

Christina Coates (State Bar No. 206602)
ccoates@jonesday.com
Brian L. Johnson (State Bar No. 216604)
bjohnson@jonesday.com
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130
Telephone: 858.314.1200
Facsimile: 858.314.1150

Attorneys for Defendant
PETTERS CONSUMER BRANDS, LLC

FILED
07 NOV -2 PM 3:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STARLIGHT CONSUMER ELECTRONICS (USA), INC., (on its own behalf and on behalf of HANG SENG BANK)

Plaintiff,

v.

PETTERS CONSUMER BRANDS, LLC, and DOES 1 through 100,

Defendants.

'07 CV 2102 IEG (RBB)

**Case No.** ____________

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B) (DIVERSITY)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Petters Consumer Brands, LLC ("Petters") hereby removes to this Court the state court action described below.

1. On September 26, 2007 an action was commenced in the Superior Court of the State of California for the County of San Diego, entitled *Starlight Consumer Electronics (USA), Inc. (on its own behalf and on behalf of Hang Seng Bank), Plaintiff v. Petters Consumer Brands, LLC, and DOES 1 through 100, Defendants*, as Case Number 37-2007-00075695-CU-BC-CTL. Copies of the complaint and summons in the action are attached hereto as Exhibits A and B.

2. The first date upon which defendant Petters received a copy of the complaint was on October 3, 2007 when defendant was served with a copy of the complaint and a summons from the state court. To Petters' knowledge, no other proceedings have occurred in the state court action.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between a citizen of a state and a citizen of a foreign state and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. The complaint alleges causes of action for breach of contract, breach of the covenant of good faith and fair dealing, constructive fraud, intentional misrepresentation of material fact, "promise made without intention to perform," and for accounts stated. Each of these claims arises out of Petters' alleged failure to pay for certain customer electronics goods.

5. The complaint seeks actual damages in the amount of $1,137,097.00 plus interest, punitive damages, exemplary damages, costs and attorneys' fees. [Ex. A (Complaint) ¶¶ 27, 31, 37, 38, 45, 46, 52, 56, 62.] Therefore, it is "facially apparent from the complaint" that the amount in controversy exceeds the jurisdictional amount of $75,000. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373 (9th Cir. 1997).

6. Plaintiff alleges that Plaintiff Starlight Consumer Electronics (USA) Inc. ("Starlight") is a Hong Kong registered company. [Ex. A ¶ 1.] Defendant is informed and believes that Starlight is organized under the laws of the Cayman Islands. Plaintiff further alleges that the action is brought "on behalf of" Hang Seng Bank, Ltd. a company that Plaintiff alleges is registered in Hong Kong. [*Id.*]

7. Plaintiff erroneously alleges that defendant Petters is a Minnesota Corporation. [Ex. A ¶ 2.] In fact, Petters was a company organized under the laws of the State of Delaware, with its sole member residing and domiciled in

Minnesota. As of April 27, 2005, PCB was merged into Polaroid Holding Company with Polaroid Holding Company emerging as the "surviving corporation." Polaroid Holding Company is a Delaware corporation with its principal place of business in Waltham, Massachusetts.

8. Therefore, because this action is brought between a Hong Kong Corporation and a Delaware corporation with its principal place of business in Massachusetts, there is complete diversity under 28 U.S.C. § 1332(a).

9. This Notice of Removal is being filed within thirty (30) days after defendant was served with the summons and complaint in this action. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

10. Defendant reserves all rights and defenses, including the right to supplement or amend this Notice of Removal. This Notice is filed subject to and without waiver of any such rights and defenses.

11. Pursuant to 28 U.S.C. § 1446(d), counsel for defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the Count of San Diego and will give notice of such filing to counsel for Plaintiff.

12. Defendant requests a trial by jury of all issues for which the right to jury trial exists.

//

//

//

//

//

//

//

//

//

WHEREFORE, defendant respectively removes the action now pending against it in the Superior Court of California, County of San Diego, to this honorable Court.

Dated: November 2, 2007

Jones Day

By: ______________________
Christina D. Coates

Attorney for Defendant
PETTERS CONSUMER BRANDS, LLC

EXHIBIT A

ANTON N. HANDAL, ESQ (SBN: 113812)
PAMELA C. CHALK, ESQ (SBN: 216411)
GABRIEL G. HEDRICK, ESQ (SBN: 220649)
HANDAL & ASSOCIATES
1200 THIRD AVE. SUITE 1321
SAN DIEGO, CA 92101
TEL. 619.544.6400
FAX. 619.696.0323

Attorneys for Plaintiff.

SUPERIOR COURT OF CALIFORNIA

IN AND FOR SAN DIEGO COUNTY

| | |
|---|---|
| STARLIGHT CONSUMER ELECTRONICS (USA), INC., (on its own behalf and on behalf of HANG SENG BANK)<br><br>**Plaintiff,**<br><br>vs.<br><br>**PETTERS CONSUMER BRANDS, LLC, and DOES 1 through 100.**<br><br>**Defendants** | Case No.: 37-2007-00075695-CU-BC-CTL<br><br>COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT;<br>2) BEACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;<br>3) CONSTRUCTIVE FRAUD;<br>4) FRAUD: INTENTIONAL MISREPRESENTATION OR SUPPRESSION OF MATERIAL FACT<br>5) FRAUD AND DECEIT: PROMISE MADE WITHOUT INTENTION TO PERFORM;<br>6) ACCOUNT STATED;<br>7) OPEN BOOK ACCOUNT |

COMES NOW PLAINTIFF, STARLIGHT CONSUMER ELECTRONICS (USA), INC., and files the instant action against PETTERS CONSUMER BRANDS, LLC and DOES 1 through 100 inclusive as follows:

FACTS COMMON TO ALL COUNTS

1. Plaintiff, STARLIGHT CONSUMER ELECTRONICS (USA), INC (hereafter "Starlight) is a Hong Kong registered company actively engaged in the business of

manufacturing consumer audio products for sale to United States and California based customers. Hang Seng Bank Limited ("Hang Seng Bank" or "Hang Seng") has authorized Starlight to pursue any and all claims it may have in this matter and/or to pursue a collection matter on its behalf in this case against any and all Defendants to include but not limited to Petters. (See attached Exhibit A).

2. Defendant, PETTERS CONSUMER BRANDS, LLC (hereafter "Petters") is a Minnesota Corporation duly qualified to and actively doing business. Petters is best known in the consumer electronics industry by its brand name: Polaroid. In 2005, Petters acquired the Polaroid brand and assets from a trustee in Bankruptcy. Since then it has sourced goods from Asia for the Polaroid Brand – making promises to Asian manufacturers of millions of dollars of business. Petters also world renown for such household brand names as Sunbeam®, Oster®, and Emerson®. Petters' products are sold, marketed, and advertised throughout the United States to include but not limited to the State of California, County of San Diego, City of San Diego.

3. Upon information and belief and thereupon alleged, Petters maintains one or more business addresses in the State of California to include but not limited to an address located at 6565 Knott Avenue, Buena Park, California. (See attached Exhibits B). Since on or before January 17, 2005, Petters has and continues to maintain a Sales and Use Tax Permit in the State of California, Permit Number 100600109. A copy of the Sales and Use Tax Permit verification is attached hereto as Exhibit B.

4. At the present time, Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1 through 100, and therefore sue these defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to aver their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants, including the fictitiously named defendants was the duly authorized agent of each of the other defendants, and in doing the things herein mentioned, defendants, and each of them were acting within the course and scope of their agency and employment and that all acts, omissions, breaches, defaults, negligence, or other misconducts

as alleged in this Complaint were committed with knowledge, permission and consent of the other Defendants, and in doing the things herein mentioned, Defendants, and each of them, were acting with the course and scope of their agency and employment and that all acts, omissions, breaches, defaults, negligence or other misconduct as alleged in this Complaint were committed with knowledge, permission, and consent of the other defendants or were subsequently ratified by them, including fictitiously named defendants and each of them.

5.      Upon information and belief, each fictitiously named defendant is in some manner responsible for the occurrences alleged in this complaint and proximately caused the damages as alleged herein.

6.      Upon information and belief, at all times herein mentioned, each defendant acted individually and/or as the successor, agent, co-conspirator, aider, abettor, joint venturer, alter ego, third-party beneficiary, employee, officer, director or representative of the other defendants and, in doing the things hereinafter alleged, acted within the course and scope of such agency, employment or conspiracy and with the consent, permission and authorization of each of the remaining defendants. Upon information and belief, all actions of each defendant as alleged in the claims for relief stated herein were ratified and approved by every other defendant or their officers, directors or managing agents. Defendants' actions stemmed from an evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants.

7.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

8.      All of the acts and conduct herein below described of each and every Defendant was duly authorized, ordered, and directed by the respective and collective Defendant employers, and the officers and management level employees of said government employer. In addition thereto, said employers participated in the aforementioned acts and conduct of its said employees, agents, and representatives and each of them; and upon

completion of the aforesaid acts and conduct of said employees, agents and representatives, the Defendants respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

FACTS COMMON TO ALL COUNTS

9. In or about January of 2005, Petters approached Starlight Consumer Electronics (USA), Inc. for the purpose of sourcing consumer electronics products for sale to its customers in the United States under the Polaroid brand. Starlight is a subsidiary of Starlight Holdings, Ltd. The Starlight group of companies is publicly listed on The Stock Exchange of Hong Kong Limited under stock code 485.

10. The Starlight group's business is the manufacture and export of consumer electronics products including, CD players, Boom-Boxes, Televisions, etc. Petters, however, asked for credit terms from Starlight. Specifically, Petters wanted Starlight to accept its Purchase Orders and agree to accept payment 60 days after delivery of the goods. These are typically referred to net terms. Starlight refused to sell goods to Petters under such terms and suggested that if its bank, Hang Seng Bank, would approve Petters under a factoring arrangement; it would agree to sell products to Petters.

11. On or about June 25, 2005, Hang Seng Bank , considering the strength of the Polaroid brand name, agreed to factor the Petters' account. Hang Seng's agreement is embodied in a written Factoring Services Agreement ("Factoring Service Agreement" or "Factoring Agreement") between it and Starlight which provided in pertinent part that Hang Seng would advance money to Starlight against future Petters payments. A copy of this agreement is attached hereto as Exhibit C.

12. Petters was the intended beneficiary under the terms of the Factoring Agreement. The Factoring Agreement essentially provided a mechanism for financing Petters' purchases of goods from Starlight.

13. Petters knew of the arrangements for the Factoring Agreement and encouraged Starlight and Hang Seng Bank to create this financing vehicle for its sole and exclusive benefit.

14. On June 28, 2005 Starlight advised Petters in writing of the creation of the factoring arrangement between it and Hang Seng Bank. By letter, Starlight specifically advised Petters that all invoices issued by Starlight in connection with product purchases were assigned to Hang Seng Bank for payment.

15. Consistent with the terms of the factoring agreement, Petters placed Purchase Orders with Starlight. Starlight would, in turn, tender the Purchase Orders to Hang Seng Bank which would then advance to Starlight the value of the Petters Purchase Order less interest costs and expenses. Starlight would utilize these credit advances to purchase supplies and inventory which was utilized in connection with fulfilling Petters' Purchase Orders.

16. Once the Purchase Orders were filed, Starlight shipped the goods directly to Petters' customers - as directed by Petters, which included shipments to Circuit City's facilities in California for ultimate sale and distribution by Circuit City stores throughout California to include but not limited to those in the County of San Diego, City of San Diego. (See attached Exhibit D).

17. Consistent with the understanding of the parties, Starlight would then issue Invoices to Petters. An example of such an invoice is attached hereto as Exhibit E. Each invoice was specifically and prominently assigned in writing to Hang Seng Bank pursuant to the terms of the Factoring Agreement. Petters acknowledged that Hang Seng Bank had already paid Starlight and, thus, would directly pay such invoices in the normal course to Hang Seng Bank – not Starlight. Hang Seng Bank, pursuant to the agreement reached, accepted these payments and credited Petters' account accordingly.

18. In or about July 2006, Petters began to fall behind on its payments to Hang Seng Bank. As of August 1, 2006, Petters had failed to make payment on $1,370,097 worth of invoices for goods which had been shipped to Petters customers, including Circuit City in California. A copy of the account stated/open account is attached hereto as Exhibit F.

19. Hang Seng Bank made numerous demands on Petters to make good on the above described open account to no avail. Demand letters have gone unanswered and Petters refuses to offer an explanation for its refusal to make payment.

20. Hang Seng Bank, thereupon, pursuant to the terms and conditions of the Factoring Agreement, made demand on Starlight to fulfill Petters' open balance and has authorized Starlight to pursue collection of said invoices on its behalf as the real party in interest. Starlight has thus received authority from Hang Seng Bank to take any and all collection actions necessary to collect outstanding balances due. (See attached Exhibit A).

FIRST CAUSE OF ACTION

BREACH OF CONTRACT

**(Against All Defendants to include Does 1-100)**

21. Plaintiff repeats and re-alleges paragraphs 1- 20, inclusive as though fully set forth herein.

22. Plaintiff and Hang Seng entered into one or more oral and/or written Agreements with Defendants and each of them for the financing of commercial transactions. The agreements are stated in the Purchase Orders, Invoices, emails and the accounting and book keeping systems of Hang Seng Bank.

23. These contracts involve Petters' agreement to pay Hang Seng Bank for advances made by Hang Seng Bank on its behalf to its supplier, Starlight. In general, Hang Seng Bank agreed to Factor Petters' Purchase Orders opened to Starlight in exchange for Petters' agreement that it would repay Hang Seng Bank within sixty days of the issuance of the invoice for the goods.

24. Petters knew of, acknowledged, and agreed to the terms of this arrangement by virtue of its conduct in accepting the advances made by Hang Seng Bank in connection with its Purchase Orders and also by making payment directly to Hang Seng Bank for some but not all of the advances made.

25. Hang Seng Bank and Starlight performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of

the Agreements.

26. Because of its wrongful conduct as more fully described herein, Petters has breached their Agreements with Hang Seng Bank by purchasing goods on credit and refusing to pay for them.

27. As of the date of this complaint, Petters has failed to pay Hang Seng Bank a total of $1,370,097.00 representing credit extensions made by Hang Seng Bank on Petters behalf.

**SECOND CAUSE OF ACTION:**

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against All Defendants to include Does 1-100)**

28. Plaintiff repeats and re-alleges paragraphs 1 -27, inclusive as though fully set forth herein.

29. Hang Seng Bank and Starlight entered into the aforementioned oral and/or written Agreement(s) with Petters in good faith. They have performed all the duties and conditions of the Agreement(s) required of them in connection with their dealings with Petters.

30. Petters knew that Hang Seng Bank and Starlight had fulfilled all their duties and fulfilled any conditions required of them under the oral and/or written contract(s) described herein. Notwithstanding such good faith performances, Petters breached the implied covenant of good faith and fair dealing by continuing to order goods and receive shipments without making any arrangement to pay for them.

31. As the proximate result of the acts alleged above, the Plaintiff has and will suffer damages in an amount according to proof at trial but no less than $1,370,097.00.

**THIRD CAUSE OF ACTION:**

**CONSTRUCTIVE FRAUD**

**(Against All Defendants to include Does 1-100)**

32. Plaintiff repeat and re-allege paragraphs 1- 31, inclusive as though fully set forth herein.

33. By virtue of the relationship that existed between Petters and Hang Seng

Bank, and by virtue of Hang Seng Bank having placed confidence in the fidelity and integrity of the Defendants, Hang Seng Bank and Starlight entrusted Petters with the responsibility to manage and honor its credit commitments including those under the Factoring Agreement.

34. Despite having voluntarily accepted their trust and confidence, Petters abused that trust and confidence for personal gain by taking goods on credit terms and willfully refusing and failing to make payment therefor in breach of the trust and in violation of the agreements existing between them.

35. Petters held itself out to the public and to the Plaintiff as a reputable, experienced distributor. It also made representations to the Plaintiff concerning its repayment history with other suppliers as well as its financial strength and good payment record. Plaintiff reasonably relied on Petters misrepresentations and caused its bank, Hang Seng Bank to establish credit for Petters.

36. Petters, however, never intended to honor its promises and commitments as herein alleged and made such misrepresentations with the intent to deceive and defraud the Plaintiff. As a result of the acts of the Defendants, the Plaintiff has been damaged in an amount according to proof at trial but no less than $1,370,097.00.

37. By failing to make payments on its credit advances, Starlight was required to make payment to Hang Seng Bank on Petters behalf in the amount of $1,370,097.00 and is therefore damaged is at least said amount.

38. In doing the acts herein alleged, Petters has acted with oppression, fraud, breach of trust and malice and the Plaintiff is entitled to exemplary damages according to proof at trial.

**FOURTH CAUSE OF ACTION:**

**FRAUD AND DECEIT: INTENTIONAL MISREPRESENTATION**

**OR SUPPRESSION OF MATERIAL FACT**

**(Against All Defendants to include Does 1-100)**

39. Plaintiff repeats and re-alleges paragraphs 1-38, inclusive as though fully set forth herein.

40. At all times alleged herein, Petters held itself out to the public and to the Plaintiff and/or Hang Seng as being competent, experienced distributors. Petters specifically represented to Hang Seng, Bank and Plaintiff that it would honor its financing commitments. Defendant, by and through its authorized representatives represented that if Hang Seng Bank and Starlight would agree to 60 day net terms for payment, it would make timely payment to Hang Seng Bank under its factoring agreement.

41. Based on these representations, Plaintiff agreed to extend Petters credit under a factoring agreement with respect to U.S. based sales activities. The representations of the Petters, however, were in fact false. Petters, in fact, never intended on making payment under the factoring agreement but instead made the aforementioned misrepresentations to cause Hang Seng Bank to advance money on Petters' behalf without any intention of meeting its invoice obligations.

42. Unknown to Plaintiff, Petters has a history of not making its payments to suppliers in Asia. Had Plaintiff known these facts, or had Petters disclosed that it routinely does not pay its Asian vendors, neither Plaintiff nor Hang Seng would have agreed to factor its account.

43. At the time these representations were made by Petters and at the time the Plaintiff took the actions herein alleged, it was ignorant of the falsity of Petters' representations and believed them to be true.

44. Had the Plaintiff known the actual facts, it would not have taken such action. The Plaintiff's reliance on Petters' representations was justified because the Petters held itself out to the public and to Plaintiff as being competent, experienced sales agents and distributors who honored its commitments and/or as a reputable business in the community.

45. As a direct and proximate result of the Petters' conduct, Plaintiff has been deprived of over $1,370,097.00 in invoice payments it was reasonably entitled to receive.

46. The aforementioned conduct of Petters amounts to an intentional misrepresentation, deceit, or concealment of material facts known to the Petters with the intention on the part of Petters of thereby depriving the Plaintiff of property or legal rights or

otherwise causing injury, and was despicable conduct that subjected the Plaintiff to cruel and unjust hardships in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

FIFTH CAUSE OF ACTION:

FRAUD AND DECEIT: PROMISE MADE WITHOUT INTENTION TO PERFORM

**(Against All Defendants to include Does 1-100)**

47. Plaintiff repeats and re-alleges paragraphs 1-46, inclusive as though fully set forth herein.

48. Petters made material promises to the Plaintiff that it would honor credit/factoring commitments in connection with its dealings with Hand Seng Bank and Starlight.

49. At the time the aforementioned promises were made by the Petters, it had no intention of performing.

50. At the time the aforementioned promises were made, and at the time the Plaintiff took the actions herein alleged, the Plaintiff was ignorant of the Petters' secret intentions not to perform, believed its promises and could not in the exercise of reasonable diligence have discovered the secret intentions of Petters not to fulfill the promises it made as alleged herein.

51. Had the Plaintiff known the actual facts, it would not have taken such action. The Plaintiff's reliance on Petters' representations was justified because the Defendant held itself out to the public and to Plaintiff as being competent, experienced sales agents and representatives who would honor its commitments and/or was a reputable business in the community.

52. The aforementioned conduct of Petters amounts to an intentional misrepresentation, deceit, or concealment of a material fact known to the Petters with the intention on the part of Petters of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to cruel and unjust hardships in conscious disregard of the Plaintiff's rights, so as to justify an award of

exemplary and punitive damages.

SIXTH CAUSE OF ACTION:

ACCOUNT STATED

**(Against All Defendants to include Does 1-100)**

53. Plaintiff repeats and re-alleges paragraphs 1-52 inclusive as though fully set forth herein.

54. As stated more fully above, Defendants and each of them promised Hang Seng and Plaintiff that they would pay the invoices issued by Plaintiff in an amount of $1,370,097.00 or more. As such, an account was stated between Petters and Hang Seng Bank and/or Starlight. (See attached Exhibit F).

55. At the time of the statement of account, Defendants and each of them agreed to pay the amount stated , but have failed and/or refused to pay that amount or any part of it.

56. Plaintiff and Hang Seng have been damaged as a result. Hang Seng, as alleged previously, authorized Plaintiff to sue on its behalf to pursue the account which has not been paid by Defendants and each of them. Plaintiff, on behalf of Hang Seng, is thereby entitled to a total sum in the amount of $1,370,097.00 or more plus interest.

SEVENTH CAUSE OF ACTION:

ACCOUNT STATED

**(Against All Defendants to include Does 1-100)**

57. Plaintiff repeats and re-alleges paragraphs 1-56 inclusive as though fully set forth herein.

58. As stated more fully above, Defendants and each of them promised Hang Seng that they would pay the invoices issued by Plaintiff in an amount of $1,370,097.00 or more. As such, an account was stated between Petters and Hang Seng Bank and/or Starlight.

59. As stated more fully above, Petters and Hang Seng had one or more financial transactions as alleged more fully above.

60. Hang Seng kept an account of the debits and credits involved in said

financial transactions. (See attached Exhibit F).

51. Petters owes Hang Seng money on the account.

52. The amount of money that Defendants and each of them owe Hang Seng is $1,370,097.00 or more according to proof at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment on its complaint as follows:

(1) Compensatory damages;

(2) General damages according to Proof;

(3) Special damages according to Proof;

(4) Consequential damages;

(5) Attorney's fees and costs of the suit herein;

(6) Interest at the legal rate;

(7) All other relief as the Court may deem just and proper.

HANDAL & ASSOCIATES

Dated: September 26, 2007

Anton Handal, Esq.

# EXHIBIT A

 恒生銀行
HANG SENG BANK

理財創富 專三為你
*Managing wealth for you, with you.*

Starlite Consumer Electronics (USA), Inc.
5/F Shing Dao Industrial Bldg
232 Aberdeen Main Road
Aberdeen, Hong Kong
Attn: Mr Norman Chan

4 June 2007

Dear Sirs

**Factoring Agreement dated 8th July 2005 made between Hang Seng Bank Limited and Starlite Consumer Electronics (USA), Inc.**

We consent to your Company taking action (including taking legal proceedings, whenever necessary) in your name against Petters Consumer Brands, LLC ("Petters") to recover all sums outstanding under the invoices, heretofore assigned to us, (as referred to the Schedule below) together with all accrued interest and other legally permissible expenses (the "Legal Action"), conditional upon and subject to the following:

(1) Your Company shall be solely responsible for conducting the Legal Action including the production of evidence at your Company's own cost and risk (subject to the paragraphs below);

(2) You shall not call us or any of our officers or staff as any witness or require us or any of our officers or staff to attend any hearing in the Legal Action or to be involved in any way in the Legal Action without our prior agreement;

(3) Your Company shall keep us informed of all the developments in the Legal Action, and shall immediately provide us such information upon our request;

(4) Your Company shall at all times observe and comply with the terms and conditions of the Factoring Agreement and nothing in this letter shall prejudice our rights and powers under the Factoring Agreement;

(5) All costs (including legal costs), charges and expenses incurred or payable by your Company in the Legal Action shall be borne and paid by your Company;

(6) Any and all sums of monies recovered by your Company from Petters shall immediately be paid by your Company to our designated account number and before such payment be held by your Company on trust for our Bank;

(7) Your Company shall communicate all settlement offers made or received to us for our consideration and agreement before taking any action on them;

(8) Your Company shall agree to fully indemnify our Bank, our officers and employees against all liabilities, claims, suits, actions, proceedings, demand, penalties, losses, damages, taxes, costs,

恒生銀行有限公司 Hang Seng Bank Limited
香港九龍灣偉業街33號德福廣場恒生中心
Hang Seng Tower Telford Plaza 33 Wai Yip Street Kowloon Bay HK
電話 Tel (852) 2198 1111 圖文傳真 Fax (852) 2868 4047
電傳 Telex 73311 HASEB HX 網址 Website www.hangseng.com

獲頒國際認證 ISO 14001 certified
全球最受認可之環境管理系統標準
The world's most recognised standard for environmental management systems

charges and expenses of any kind (including, without limitation, legal fees on a full indemnity basis) of any kind which may be incurred or suffered or liable by our Bank or any of them and all actions or proceedings which may be brought by or against our Bank or any of our officers or staff arising from and/or in connection with the Legal Action and/or enforcing or exercising any power or right under the Factoring Agreement and/or the Legal Action and/or this letter and/or any related arrangement; and

(9) The no-objection given in this letter is revocable upon our giving 3 days prior notice or such shorter period as we deem fit.

Schedule

Payment Term: Net 60 days

| Shipment Date | Inv. No. | Amount US$ | Due Date | Remarks |
|---|---|---|---|---|
| 04-24-06 | SCE-06-059 | 152,233.00 | 06-23-06 | |
| 04-24-06 | SCE-06-060 | 304,466.00 | 06-23-06 | |
| 05-04-06 | SCE-06-066 | 152,233.00 | 07-03-06 | |
| 05-04-06 | SCE-06-067 | 152,233.00 | 07-03-06 | |
| 05-08-06 | SCE-06-071 | 152,233.00 | 07-07-06 | |
| 05-15-06 | SCE-06-079 | 152,233.00 | 07-14-06 | |
| 05-22-06 | SCE-06-098 | 152,233.00 | 07-21-06 | |
| 05-29-06 | SCE-06-0118 | 152,233.00 | 07-28-06 | |
| Total Outstanding Amount: | | 1,370,097.00 | | |

Please acknowledge your agreement to the above terms and conditions by signing and returning to us a copy of this letter.

Yours faithfully

Edmond Lee
Senior Vice President Department Head
Customized Trade Solutions Department
Commercial Banking
Hang Seng Bank Limited

# EXHIBIT B

Sales and Use Tax Permit Verification - Board of Equalization https://efile.boe.ca.gov/boewebservices/verification_results.jsp

HOME HELP CENTER SITE MAP EN ESPAÑOL SEARCH

Featured Services

Verify a Permit / License
Register For a Permit / License
File a Return
Make a Payment
Start / Stop a Business
Free Tax Seminars

Tax Topics

Property Tax
Sales & Use Tax
Special Taxes & Fees
Legislation
Public Meetings

Most Viewed

City & County Sales Tax Rates
Forms & Publications
Sales Tax Replacement Return
Field Offices
Sales & Use Tax FAQs
Listing of County Assessors
Careers at BOE

Access to Public Records

Public Records Act

Sales and Use Tax Permit Verification

Permit Number 100600109 is Valid

| | |
|---|---|
| Owner Name: | PETTERS CONSUMER BRANDS LLC |
| Business Name: | |
| Address: | 6565 KNOTT AVE<br>BUENA PARK<br>CA |
| Start Date: | 01/17/2003 |

Seller's permit verification is available to help you determine if a seller's permit account number included on your customer's resale certificate is currently valid. As a seller, you are responsible for ensuring the resale certificate is properly completed. Please refer to Regulation 1668, Resale Certificates.

Back to Query Page

© 2006 State of California Disclaimer Privacy Notice Report Problems with Web Site ADA Policy Conditions of Use Privacy Policy

EXHIBIT C



STARLITE

Starlite Consumer Electronics (USA) Inc.
香港香港仔大道232號城都工業大廈三樓
3/F., Shing Dao Industrial Building,
232 Aberdeen Main Road, Hong Kong,

Tel : (852) 2554 3303
Fax : (852) 2573 0230
E-mail : starlite@starlight.com.hk

Fetters Consumer Brands, LLC
4400 Baker Road,
Minnetonka, MN55343, USA

June 28, 2006

Dear Sir/Madam

We would like to inform you that the attached account has been assigned to Hang Seng Bank Limited.

Hang Seng Bank Limited provides a sales ledger management service which will relieve us of much of our routine book-keeping work and enable us to put our resources to more productive use.

Essentially, Hang Seng Bank Limited now becomes your creditor and payment of this account should be made direct to them. Such payment will, of course, fully discharge any indebtedness on your part.

This new system will apply to all our future sales, and all invoices will be marked for payment to Hang Seng Bank Limited who will send you monthly statements when necessary. Please ensure payment is directed to the following address quoting our name and invoice(s) no.:

| | |
|---|---|
| By cheque to: | Hang Seng Bank Limited<br>Trade Services Centre<br>Hang Seng Tower<br>Telford Plaza 33 Wai Yip Street<br>Kowloon Bay Hong Kong |
| By bank transfer to: | Hang Seng Bank Ltd.<br>For Credit to Trade Services Centre<br>A/C No. 280-958224-803 |

Note: <u>List of Hang Seng Bank's correspondents attached</u>

| | |
|---|---|
| Telephone: | (852) 2198 8201 |
| Facsimile: | (852) 2351 1653 |

We believe there will be benefits for ourselves and our customers under this change of procedure. Apart from these new payment procedures our business relationship remains the same.

We look forward to continuing our successful trading relationship with you.

Yours sincerely

For and on behalf of
Starlite Consumer Electronics (USA) Inc.
Authorized Signature(s)

R



# EXHIBIT D

AUG 10 2005 05:12 FR P C B 952 936 5050 TO 0125444748 P.02/02

**PETTERS** CONSUMER BRANDS

To: Starlite Consumer Electronics (USA) Inc.
5/F., Shing Dao Ind., Bldg.
232 Aberdeen Main Road, Hong Kong

July 28, 2005

Please be advised that all the goods ordered by Petters Consumer Brands LLC (by purchase order) and billed to us should be shipped to "Circuit City Stores, Inc." until further notice.

Petters Consumer Brands LLC

Name & Position
CFO - PCB

4400 Baker Road • Minnetonka, Minnesota 55343
952.932.3145 • 800.417.3758 • 952.936.5050 fax

** TOTAL PAGE.02 **

# EXHIBIT E

# STARLITE CONSUMER ELECTRONICS (USA) INC

5/F. SHING DAO IND., BLDG.,
232 ABERDEEN MAIN ROAD,
HONG KONG
TEL: 3471-1317 & FAX: 28730230

## INVOICE

INVOICE NO. SCE-06-0113

DATE: MAY 29., 2006

FOR ACCOUNT OF MESSRS: PETTERS CONSUMER BRANDS LLC – 440 BAKER ROAD MINNETONKA, MN 55343 USA

SHIPPED PER: "YM WEALTH"

CARGO RECEIPT DATE: MAY 29., 2006

FROM: YANTIAN, CHINA TO: LOS ANGELES, CA TERMS OF PAYMENT: 50 DAYS

| MARSK & NUMBER | QUANTITY | DESCRIPTION OF GOODS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | | | FOB YANTIAN, CHINA | |
| CIRCUIT CITY P.O. #1505769<br>CCS MODEL: DHM-0100<br>UNIT COUNT PER CARTON: 1<br>CARTON # 1-6478<br>GROSS WEIGHT: 4.8 POUNDS<br>CARTON DIMENSION (INCHES):<br>10.55 X 12.13 X 4.45"<br>MADE IN CHINA | 6478 SETS | P/O NO. 2656<br>(CIRCUIT CITY P/O NO. 1505769)<br>MODEL NO. DHM-0100<br>DVD PLAYER<br>"POLAROID" BRAND | @US$23.50 | US$152,233.00 |
| TOTAL: | 6478 SETS = 6478 CARTONS | | | US$152,233.00 |

TOTAL AMOUNT US DOLLARS ONE HUNDRED FIFTY TWO THOUSAND TWO HUNDRED THIRTY TWO (US$152,233.00) ONLY.

THIS INVOICE IS ASSIGNED TO, OWNED BY, AND PAYABLE ONLY TO:

BY CHECK: HANG SENG BANK LIMITED
FACTORING DEPARTMENT
LEVEL 16, HANG SENG TOWER, 33 WAI YIP STREET,
KOWLOON BAY, KOWLOON, HONG KONG

BY WIRE TRANSFER: HANG SENG BANK LTD
FOR CREDIT TO TRADE SERVICES CENTRE
A/C NO. 230-958224-803
SWIFT CODE: HASEHKHH

ASSIGNEE IS ENTITLED TO GIVE A RECEIPT AND SHOULD BE ADVISED IMMEDIATELY OF ANY CLAIMS OR DISPUTES ON PHONE NO. (852) 2198-8102

Petters Consumer Brands, LLC
4400 Baker Road
Minnetonka MN55343
USA

Page : 1

Statement Date : 1 SEPTEMBER 2006

Supplier : Starlite Consumer Ele (USA) Inc
Account Number 0335 / 0001634
Currency 03 USD

| Document Type | Document Date | Document Number | Due Date | Amount | | Cumulative Balance |
|---|---|---|---|---|---|---|
| INVOICE | 24/04/06 | 06-053 | 23/06/06 | 152233.00 | * | 152233.00 |
| INVOICE | 24/04/06 | 06-060 | 23/06/06 | 304465.00 | * | 456699.00 |
| INVOICE | 4/05/06 | 06-066 | 3/07/06 | 152233.00 | * | 608932.00 |
| INVOICE | 4/05/06 | 06-067 | 3/07/06 | 152233.00 | * | 761165.00 |
| INVOICE | 8/05/06 | 06-071 | 7/07/06 | 152233.00 | * | 913398.00 |
| INVOICE | 15/05/06 | 06-079 | 14/07/06 | 152233.00 | * | 1065631.00 |
| INVOICE | 22/05/06 | 06-098 | 21/07/06 | 152233.00 | * | 1217864.00 |
| INVOICE | 29/05/06 | 06-0113 | 28/07/06 | 152233.00 | * | 1370097.00 |

Outstanding 1370097.00

*DAVID BAER ON BEHALF OF PETTERS COSNUMER BRANDS LLC

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
PETTERS CONSUMER BRANDS, LLC, and DOES 1 through 100.

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STARLIGHT CONSUMER ELECTRONICS (USA), INC., (on its own behalf and on behalf of HANG SENG BANK)

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego, 330 W. Broadway, San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 37-2007-00075695-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Anton N. Handal; Pamela C. Chalk, Gabriel Hedrick, Handal & Associates, 1200 3rd Avenue Suite 1321, San Diego, CA 92101 (619)544-6400; Fax:(619)696-0323; anh@handal-law.com; pchalk@handal-law.com; ghedrick@handal-law.com

DATE: *(Fecha)* SEP 28 2007 Clerk, by *(Secretario)* R. Vela, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [✓] on behalf of *(specify)*: PETTERS CONSUMER BRANDS LLC

under: [✓] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): FOR COURT USE ONLY

Anton N. Handal (Bar #113812); Pamela C. Chalk, Esq. (Bar #216411)
Handal & Associates
1200 3rd Avenue Suite 1321, San Diego, CA 92101

TELEPHONE NO.: (619)544-6400 FAX NO.: (619)696-0323
ATTORNEY FOR (Name): pchalk@handal-law.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Unlimited Civil

CASE NAME: STARLIGHT CONSUMER ELECTRONICS (USA), INC. v. PETTERS CONSUMER BRANDS, LLC

# CIVIL CASE COVER SHEET

CASE NUMBER: 37-2007-00075695-CU-BC-CTL

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (*specify*): Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 9/26/07

Pamela C. Chalk, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00075695-CU-BC-CTL CASE TITLE: Starlight Consumer Electronics USA Inc vs. Petters Consume

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Starlight Consumer Electronics USA Inc | |
| DEFENDANT(S): Petters Consumer Brands LLC | |
| SHORT TITLE: STARLIGHT CONSUMER ELECTRONICS USA INC VS. PETTERS CONSUMER BRANDS LLC | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2007-00075695-CU-BC-CTL |

Judge: Joan M. Lewis

Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

______________________

______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________

Date: ______________________

______________________
Name of Plaintiff

______________________
Name of Defendant

______________________
Signature

______________________
Signature

______________________
Name of Plaintiff's Attorney

______________________
Name of Defendant's Attorney

______________________
Signature

______________________
Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 09/26/2007

______________________
JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 685-6025

PLAINTIFF(S) / PETITIONER(S): Starlight Consumer Electronics USA Inc

DEFENDANT(S) / RESPONDENT(S): Petters Consumer Brands LLC

STARLIGHT CONSUMER ELECTRONICS USA INC VS. PETTERS CONSUMER BRANDS LLC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00075695-CU-BC-CTL |
|---|---|

Judge: Joan M. Lewis

Department: C-65

**COMPLAINT/PETITION FILED:** 09/26/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12265 El Camino Real, Suite 200, San Diego, California 92130. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On November 2, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

in a sealed envelope, postage fully paid, addressed as follows:

Anton N. Handal, Esq.
Pamela C. Chalk, Esq.
Gabriel G. Hedrrick, Esq.
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, CA 92101
Telephone: (619) 544-6400

Attorneys for Plaintiff STARLIGHT CONSUMER ELECTRONICS (USA), INC.

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 2, 2007, at San Diego, California.

Yvonne C. Kametani

Yvonne C. Kametani

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144128 - SR
* * C O P Y * *
November 02, 2007
15:08:18

Civ Fil Non-Pris
USAO #.: 07CV2102 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.: $350.00 CK
Check#.: BC#64281

Total-> $350.00

FROM: STARLIGHT CONSUMER V.
PETTERS CONSUMER BRANDS
CIVIL FILING

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 07 NOV -2 PM 3:12
CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I. (a) PLAINTIFFS**

STARLIGHT CONSUMER ELECTRONICS (USA), INC., (on its own behalf and on behalf of HANG SENG BANK)

**(b)** County of Residence of First Listed Plaintiff Hong Kong
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See attachment

**DEFENDANTS**

PETTERS CONSUMER BRANDS, LLC, and DOES 1 through 100

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
See attachment

'07 CV 2102 IEG (RBB)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 USC Sections 1441(B), 1332

Brief description of cause:
Diversity

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 1,370,000.00
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 11/2/07 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 144128 AMOUNT 350 APPLYING IFP JUDGE MAG. JUDGE

11/2/07 fr