Christina Coates (State Bar No. 206602)
ccoates@jonesday.com
Brian L. Johnson (State Bar No. 216604)
bjohnson@jonesday.com
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130
Telephone: 858.314.1200
Facsimile: 858.314.1150

David R. Marshall (MN Bar No. 184457)
S. Jamal Faleel (MN Bar No. 0320626)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
*Pro Hac Vice Application Pending*

Attorneys for Defendant
PETTERS CONSUMER BRANDS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLIGHT CONSUMER ELECTRONICS (USA), INC., (on its own behalf and on behalf of HANG SENG BANK)<br><br>Plaintiff,<br><br>v.<br><br>PETTERS CONSUMER BRANDS, LLC, and DOES 1 through 100,<br><br>Defendants. | Case No. 3:07-cv-02102-IEG-RBB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Christina D. Coates; [Proposed] Order]<br><br>DATE: January 14, 2008<br>TIME: 10:30 a.m.<br>DEPT: Courtroom 1<br>JUDGE: HON. IRMA E. GONZALEZ |

LAI-2913922v1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2008, at 10:30 a.m., or as soon thereafter as the parties may be heard, in Courtroom 1 of the above-entitled Court, located at 940 Front Street, San Diego, California, Defendant Petters Consumer Brands, LLC, ("Petters") will, and hereby does, move the Court to compel arbitration of Plaintiff's claims. This motion is made on the grounds that a valid arbitration agreement exists between the parties, requiring Plaintiff to arbitrate all of its claims against Petters.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed declaration of Christina D. Coates and exhibits thereto, the pleadings, papers, and other documents on file herein, and such further evidence or argument as the Court properly may consider at or before the hearing on this motion.

Dated: November 7, 2007

Respectfully Submitted,

JONES DAY

By: /s/ Christina D. Coates
Christina D. Coates

Attorneys for Defendant
PETTERS CONSUMER BRANDS, LLC

LAI-2913922v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Starlight Consumer Electronics (USA), Inc. ("Starlight") entered into an agreement with Defendant Petters Consumer Brands, LLC, ("Petters") under which Starlight agreed to manufacture and sell certain consumer electronics products to Petters (the "Agreement"). The Agreement includes an arbitration clause which covers all controversies or claims "arising out of or relating to" the Agreement. Pursuant to the Agreement, the claims asserted in this case must be resolved in an arbitration proceeding. Therefore, Petters requests that the Court issue an order compelling plaintiffs to arbitrate their claims against Petters.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

#### A.  The Parties

Defendant Petters was a Delaware limited liability company with its sole member domiciled in the State of Minnesota. In April 2005, Petters merged into Polaroid Holding Company. The "surviving" corporation was named Polaroid Holding Company ("Polaroid"). Polaroid is a Delaware company, with its principal place of business in Waltham, Massachusetts.

Plaintiff Starlight is a Hong Kong registered company, organized under the laws of the Cayman Islands. [Ex. A (Complaint) to Declaration of Christina D. Coates ("Coates Decl.") at ¶ 1; Ex. B (Agreement) to Coates Decl. at p. 1.] Starlight is engaged in the business of manufacturing consumer products for sale in the United States. [Ex. A to Coates Decl. at ¶ 1.)

Starlight has also asserted claims on behalf of Hang Seng Bank, Ltd. ("Hang Seng"). (Id.) Hang Seng is also a Hong Kong registered company.

#### B.  Starlight And Petters Enter Into An Agreement That Mandates Arbitration of The Claims Brought By Starlight.

In or around February 2005, Petters and Starlight entered into a Manufacturing Agreement, pursuant to which, Starlight agreed to manufacture and

LAI-2913922v1

- 3 -

1  deliver certain consumer electronics products to Petters' customers in the United
2  States. [Ex. B to Coates Decl.] The Agreement further provides that Starlight is to
3  manufacture products according to the specifications set forth in Petters' written
4  purchase orders. [Id. at ¶ 4a.] The Agreement "appl[ies] to all Purchase Orders for
5  all Products and Services placed by [Petters] to [Starlight]." [Id. at ¶ 2a.] The
6  Agreement also contains the following arbitration clause:

> Any controversy or claim arising out of or relating to this
> Agreement shall be determined by arbitration in
> accordance with the International Arbitration Rules ("the
> Rules") of the International Center for Dispute
> Resolution of the American Arbitration Association . . . .
> Such arbitration shall be conducted before a single
> arbitrator in accordance with the Rules. The arbitration
> shall be conducted in the English language. The place of
> arbitration shall be Minneapolis, Minnesota, United
> States of America.

[Id. at ¶ 21.]

The Complaint asserts that Hang Seng is Starlight's bank and that Hang Seng "factored" the Petters account receivable.[1] [Ex. A to Coates Decl. at ¶ 1.] The Complaint also asserts that Hang Seng obtained the right to seek payment from Petters, pursuant to an assignment from Starlight. (Id. at ¶ 14.)

### C.    Starlight Commences A Lawsuit Against Petters.

On September 26, 2007, Starlight filed a Complaint against Petters in the Superior Court of California, San Diego County, in the matter captioned *Starlight Consumer Electronics (USA), Inc. (on its own behalf and on behalf of Hang Seng Bank) v. Petters Consumer Brands, LLC, and Does 1 through 100*, Case No. 37-2007-00075695-CU-BC-CTL ("San Diego County Lawsuit"). Starlight served Petters with a copy of the Complaint on October 3, 2007. The Complaint alleges

---

[1] "Factoring" involves the "buying of accounts receivable at a discount." BLACK'S LAW DICTIONARY (7th ed. 1999). A "factor" generally is a third party who pays a company a reduced amount, obtaining the right to collect on accounts receivable when due. Id.

LAI-2913922v1

- 4 -

claims against Petters for breach of contract, breach of covenant of good faith and fair dealing, constructive fraud, intentional misrepresentation of material fact, "promise made without intention to perform," and accounts stated. The breach of contract claim and the two claims for an accounting, are purportedly brought by Starlight on behalf of Hang Seng. All of these claims, including the claims Starlight brings on behalf of Hang Seng, are based on an allegation that Petters failed to make payments for consumer electronics products Starlight manufactured and delivered to Petters' customers in the United States. [See, e.g., Ex. A to Coates Decl. at ¶ 18.]

### D. Petters Removes The Lawsuit to Federal Court.

On November 2, 2007, Petters removed the San Diego County Lawsuit to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has subject matter jurisdiction over this dispute based on the parties' diverse citizenship. Petters now brings this motion to compel arbitration.

## III. ARGUMENT

### A. The Federal Arbitration Act Mandates Arbitration On Issues As To Which An Arbitration Agreement Has Been Signed.

"The Federal Arbitration Act ("FAA") governs disputes involving contracts which touch upon interstate commerce or maritime law." Ever-Gotesco Resources & Holdings, Inc. v. Pricesmart, Inc., 192 F.Supp.2d 1040, 1042 (S.D. Cal. 2002) (citing 9 U.S.C. § 1 et seq.). "Federal substantive law governs the question of arbitrability." Simula, Inc. v. Autoliv., Inc., 175 F.3d 716, 719 (9th Cir. 1999)." It is well-settled that "the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Id.

Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, provides in relevant part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

"Under § 4 of the FAA, the district court must order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue." Simula, 175 F.3d at 719-20. As a result, this Court's inquiry is limited to determining "whether a written arbitration agreement exists, and if it does . . . ," to "enforc[ing] it in accordance with its terms." Id. at 720. The United States Supreme Court has held that this requires a court to conduct "an expeditious and summary hearing, with only restricted inquiry into factual issues." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). Ultimately, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Simula, 175 F.3d at 719.

**B.  Starlight's Claims Are Within The Scope Of The Arbitration Agreement.**

The law only requires that "[Starlight's] factual allegations . . . 'touch matters' covered by the contract containing the arbitration clause . . ." in order to be arbitrable. Simula, 175 F.3d at 721 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 624 n. 13 (1985) (other citations omitted)). The arbitration clause contained in the Agreement expressly covers "[a]ny controversy or claim arising out of or relating to this Agreement . . ." and mandates that any such controversies or claims "be determined by arbitration . . . ." [Ex. B to Coates Decl. at ¶ 21.] Starlight's claims against Petters all arise directly from Petters' alleged failure to pay Starlight and Hang Seng for consumer electronics

products. [Ex. A to Coates Decl. at ¶¶ 9-20; 28-52.]

Starlight's non-contractual claims also arise from and relate to the Agreement because they are based on Petters' alleged failure to pay Starlight for consumer electronic products provided under the Agreement. Even the damages Starlight seeks in connection with these claims duplicate the contractual damages it seeks for its contractual claims – monies allegedly due for unpaid invoices. Accordingly, these non-contractual claims must also be arbitrated. See Moses H. Cone Memorial Hospital, 460 U.S. 1, 24 (1983) (affirming line of cases holding that claims for fraud in the inducement of the entire contract containing an arbitration clause were required to be arbitrated) (citing Prima Paint Corp. v. Flood & Conklin Mfg. Corp., 388 U.S. 395, 402-04 (1967)); see also, Simula, 175 F.3d at 726 (holding that resolution of fraud claim was question for the arbitrator). Accordingly, Starlight's claims against Petters fall within the scope of the Agreement's arbitration clause and must be arbitrated.

    **C.**    **Starlight's Claims Brought On Behalf of Hang Seng Are Also Subject To Arbitration.**

        **1.**    **Hang Seng and Starlight Agreed That They Would be Bound by the Arbitration Clause.**

The Agreement expressly provides that it "shall be binding upon . . . [Starlight's] successors and permitted assigns approved by [Petters] . . . ." [Ex. B to Coates Decl., ¶ 22i.] Starlight claims that it assigned its right to receive payments from Petters for the purchase of consumer electronics products to Hang Seng. [Ex. A to Coates Decl. at ¶¶ 14, 17, and Ex. C to Complaint.] Therefore, Hang Seng, as Starlight's assignee, is bound by the Agreement's arbitration clause.

        **2.**    **Hang Seng, as a Matter of Law, Is Bound by the Arbitration Clause.**

Hang Seng is also bound by the Agreement's arbitration clause under ordinary contract principles. See Letizia v. Prudential Bache Securities, Inetizia v.

Prudential Bache Securities, Inc., 802 F.2d 1185, 1187 (9th Cir. 1986) (holding that "nonsignatories to arbitration agreements may be bound by the agreement under ordinary contract and agency principles"). As an assignee, Hang Seng stands in the shoes of Starlight and must arbitrate its claims against Petters. See GMAC Commercial Credit, LLC v. Springs Industries, Inc., 171 F.Supp.2d 209, 216 (S.D.N.Y. 2001)(holding that "where a factor sues upon a contract with an arbitration clause, *arbitration is part of the contractual right the plaintiff factor exercises*")(emphasis in original)).

### 3. The Claims Brought on Behalf of Hang Seng Are Within the Scope of the Agreement's Arbitration Clause.

As discussed, the Agreement's arbitration clause mandates that "[a]ny controversy or claim arising out of or relating to th[e] Agreement . . ." be arbitrated. [Ex. B to Coates Decl. at ¶ 21.] The Agreement broadly "appl[ies] to all Purchase Orders for all Products and Services placed by [Petters] to [Starlight]." [Id. at ¶ 2a.] Although pled as claims based on the "the Purchase Orders, Invoices, emails and the accounting and book keeping [sic] systems of Hang Seng Bank," Starlight's claims on behalf of Hang Seng seek only to recover monies allegedly owed by Petters for consumer electronics products manufactured and sold by Starlight to Petters. [Ex. A to Coates Decl. at ¶ 22.] Therefore, Starlight's claims on behalf of Hang Seng arise from and relate to the Agreement and must be arbitrated.

## IV. CONCLUSION

For the foregoing reasons, Petters Consumer Brands, LLC respectfully requests that the Court dismiss the claims asserted by Starlight Consumer Electronics (USA), Inc., both on its own behalf, and on behalf of Hang Seng Bank, Ltd., and compel Starlight to submit those claims to binding arbitration.

```
 1  Dated: November 7, 2007            Respectfully Submitted,
 2
                                       JONES DAY
 3
 4
                                       By: /s/ Christina D. Coates
 5                                        ─────────────────────────
                                          Christina D. Coates
 6
 7                                     Attorneys for Defendant
                                       PETTERS CONSUMER BRANDS,
 8                                     LLC
 9
10
...
28
```

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12265 El Camino Real, Suite 200, San Diego, California 92130. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On November 7, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**

in a sealed envelope, postage fully paid, addressed as follows:

Anton N. Handal, Esq.
Pamela C. Chalk, Esq.
Gabriel G. Hedrrick, Esq.
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, CA 92101
Telephone: (619) 544-6400

Attorneys for Plaintiff STARLIGHT CONSUMER ELECTRONICS (USA), INC.

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 7, 2007, at San Diego, California.

_____
Yvonne C. Kametani