1   Christina Coates (State Bar No. 206602)
    ccoates@jonesday.com
2   Brian L. Johnson (State Bar No. 216604)
    bjohnson@jonesday.com
3   JONES DAY
    12265 El Camino Real
4   Suite 200
    San Diego, CA  92130
5   Telephone:  858.314.1200
    Facsimile:    858.314.1150
6
    David R. Marshall (MN Bar No. 184457)
7   S. Jamal Faleel (MN Bar No. 0320626)
    FREDRIKSON & BYRON, P.A.
8   200 South Sixth Street, Suite 4000
    Minneapolis, MN 55402-1425
9   Telephone:  (612) 492-7000
    Facsimile:  (612) 492-7077
10  *Pro Hac Vice Application Pending*

11  Attorneys for Defendant
    PETTERS CONSUMER BRANDS, LLC
12

13              UNITED STATES DISTRICT COURT

14           SOUTHERN DISTRICT OF CALIFORNIA

15

16  STARLIGHT CONSUMER              **Case No. 3:07-cv-02102-IEG-RBB**
    ELECTRONICS (USA), INC., (on its
17  own behalf and on behalf of HANG   **DEFENDANT'S NOTICE OF
    SENG BANK)                        MOTION AND MOTION FOR
18                                    AN ORDER COMPELLING
              Plaintiff,             ARBITRATION;
19                                   MEMORANDUM OF POINTS
         v.                          AND AUTHORITIES**
20
    PETTERS CONSUMER BRANDS,         [Filed Concurrently with Declaration of
21  LLC, and DOES 1 through 100,     Christina D. Coates; [Proposed] Order]
22            Defendants.            **DATE:  January 14, 2008
23                                   TIME:  10:30 a.m.
                                     DEPT:  Courtroom 1
24                                   JUDGE: HON. IRMA E. GONZALEZ**

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2008, at 10:30 a.m., or as soon thereafter as the parties may be heard, in Courtroom 1 of the above-entitled Court, located at 940 Front Street, San Diego, California, Defendant Petters Consumer Brands, LLC, ("Petters") will, and hereby does, move the Court to compel arbitration of Plaintiff's claims. This motion is made on the grounds that a valid arbitration agreement exists between the parties, requiring Plaintiff to arbitrate all of its claims against Petters.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed declaration of Christina D. Coates and exhibits thereto, the pleadings, papers, and other documents on file herein, and such further evidence or argument as the Court properly may consider at or before the hearing on this motion.

Dated:  November 7, 2007

Respectfully Submitted,

JONES DAY

By: _____
    Christina D. Coates

Attorneys for Defendant
PETTERS CONSUMER BRANDS, LLC

LAI-2913922v1

- 2 -

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   **I.   INTRODUCTION**

3      Plaintiff Starlight Consumer Electronics (USA), Inc. ("Starlight") entered

4   into an agreement with Defendant Petters Consumer Brands, LLC, ("Petters")

5   under which Starlight agreed to manufacture and sell certain consumer electronics

6   products to Petters (the "Agreement"). The Agreement includes an arbitration

7   clause which covers all controversies or claims "arising out of or relating to" the

8   Agreement. Pursuant to the Agreement, the claims asserted in this case must be

9   resolved in an arbitration proceeding. Therefore, Petters requests that the Court

10  issue an order compelling plaintiffs to arbitrate their claims against Petters.

11  **II.   FACTUAL AND PROCEDURAL BACKGROUND**

12      **A.   The Parties**

13     Defendant Petters was a Delaware limited liability company with its sole

14  member domiciled in the State of Minnesota. In April 2005, Petters merged into

15  Polaroid Holding Company. The "surviving" corporation was named Polaroid

16  Holding Company ("Polaroid"). Polaroid is a Delaware company, with its principal

17  place of business in Waltham, Massachusetts.

18     Plaintiff Starlight is a Hong Kong registered company, organized under the

19  laws of the Cayman Islands. [Ex. A (Complaint) to Declaration of Christina D.

20  Coates ("Coates Decl.") at ¶ 1; Ex. B (Agreement) to Coates Decl. at p. 1.]

21  Starlight is engaged in the business of manufacturing consumer products for sale in

22  the United States. [Ex. A to Coates Decl. at ¶ 1.)

23     Starlight has also asserted claims on behalf of Hang Seng Bank, Ltd. ("Hang

24  Seng"). (Id.) Hang Seng is also a Hong Kong registered company.

25      **B.   Starlight And Petters Enter Into An Agreement That Mandates**

26           **Arbitration of The Claims Brought By Starlight.**

27     In or around February 2005, Petters and Starlight entered into a

28  Manufacturing Agreement, pursuant to which, Starlight agreed to manufacture and

LAI-2913922v1

deliver certain consumer electronics products to Petters' customers in the United States.  [Ex. B to Coates Decl.]  The Agreement further provides that Starlight is to manufacture products according to the specifications set forth in Petters' written purchase orders.  [Id. at ¶ 4a.]  The Agreement "appl[ies] to all Purchase Orders for all Products and Services placed by [Petters] to [Starlight]."  [Id. at ¶ 2a.]  The Agreement also contains the following arbitration clause:

> Any controversy or claim arising out of or relating to this Agreement shall be determined by arbitration in accordance with the International Arbitration Rules ("the Rules") of the International Center for Dispute Resolution of the American Arbitration Association . . . . Such arbitration shall be conducted before a single arbitrator in accordance with the Rules.  The arbitration shall be conducted in the English language.  The place of arbitration shall be Minneapolis, Minnesota, United States of America.

[Id. at ¶ 21.]

The Complaint asserts that Hang Seng is Starlight's bank and that Hang Seng "factored" the Petters account receivable. [1]  [Ex. A to Coates Decl. at ¶ 1.]  The Complaint also asserts that Hang Seng obtained the right to seek payment from Petters, pursuant to an assignment from Starlight.  (Id. at ¶ 14.)

**C.    Starlight Commences A Lawsuit Against Petters.**

On September 26, 2007, Starlight filed a Complaint against Petters in the Superior Court of California, San Diego County, in the matter captioned *Starlight Consumer Electronics (USA), Inc. (on its own behalf and on behalf of Hang Seng Bank) v. Petters Consumer Brands, LLC, and Does 1 through 100*, Case No. 37-2007-00075695-CU-BC-CTL ("San Diego County Lawsuit").  Starlight served Petters with a copy of the Complaint on October 3, 2007. The Complaint alleges

---

[1] "Factoring" involves the "buying of accounts receivable at a discount." BLACK'S LAW DICTIONARY (7th ed. 1999).  A "factor" generally is a third party who pays a company a reduced amount, obtaining the right to collect on accounts receivable when due.  Id.

1   claims against Petters for breach of contract, breach of covenant of good faith and

2   fair dealing, constructive fraud, intentional misrepresentation of material fact,

3   "promise made without intention to perform," and accounts stated.  The breach of

4   contract claim and the two claims for an accounting, are purportedly brought by

5   Starlight on behalf of Hang Seng.  All of these claims, including the claims

6   Starlight brings on behalf of Hang Seng, are based on an allegation that Petters

7   failed to make payments for consumer electronics products Starlight manufactured

8   and delivered to Petters' customers in the United States.  [See, e.g., Ex. A to Coates

9   Decl. at ¶ 18.]

10          **D.    Petters Removes The Lawsuit to Federal Court.**

11          On November 2, 2007, Petters removed the San Diego County Lawsuit to

12   this Court, pursuant to 28 U.S.C. §§ 1441 and 1446.  This Court has subject matter

13   jurisdiction over this dispute based on the parties' diverse citizenship.  Petters now

14   brings this motion to compel arbitration.

15   **III.   ARGUMENT**

16          **A.     The Federal Arbitration Act Mandates Arbitration On Issues As**

17                 **To Which An Arbitration Agreement Has Been Signed.**

18          "The Federal Arbitration Act ("FAA") governs disputes involving contracts

19   which touch upon interstate commerce or maritime law."  Ever-Gotesco Resources

20   & Holdings, Inc. v. Pricesmart, Inc., 192 F.Supp.2d 1040, 1042 (S.D. Cal. 2002)

21   (citing 9 U.S.C. § 1 et seq.).  "Federal substantive law governs the question of

22   arbitrability."  Simula, Inc. v. Autoliv., Inc., 175 F.3d 716, 719 (9th Cir. 1999)."  It

23   is well-settled that "the FAA leaves no place for the exercise of discretion by a

24   district court, but instead mandates that district courts direct the parties to proceed

25   to arbitration on issues as to which an arbitration agreement has been signed."  Id.

26          Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, provides in relevant

27   part that:

28

LAI-2913922v1

1
2
3
4
5
6
7

> A party aggrieved by the alleged failure, neglect, or
> refusal of another to arbitrate under a written agreement
> for arbitration may petition any United States district
> court . . . for an order directing that such arbitration
> proceed in the manner provided for in such agreement . .
> . The court shall hear the parties, and upon being satisfied
> that the making of the agreement for arbitration or the
> failure to comply therewith is not in issue, the court shall
> make an order directing the parties to proceed to
> arbitration in accordance with the terms of the agreement.

8
9
10
11
12
13
14
15
16
17

"Under § 4 of the FAA, the district court must order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue." Simula, 175 F.3d at 719-20. As a result, this Court's inquiry is limited to determining "whether a written arbitration agreement exists, and if it does . . . ," to "enforc[ing] it in accordance with its terms." Id. at 720. The United States Supreme Court has held that this requires a court to conduct "an expeditious and summary hearing, with only restricted inquiry into factual issues." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). Ultimately, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Simula, 175 F.3d at 719.

18
19

**B.    Starlight's Claims Are Within The Scope Of The Arbitration Agreement.**

20
21
22
23
24
25
26
27
28

The law only requires that "[Starlight's] factual allegations . . . 'touch matters' covered by the contract containing the arbitration clause . . ." in order to be arbitrable. Simula, 175 F.3d at 721 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 624 n. 13 (1985) (other citations omitted)). The arbitration clause contained in the Agreement expressly covers "[a]ny controversy or claim arising out of or relating to this Agreement . . ." and mandates that any such controversies or claims "be determined by arbitration . . . ." [Ex. B to Coates Decl. at ¶ 21.] Starlight's claims against Petters all arise directly from Petters' alleged failure to pay Starlight and Hang Seng for consumer electronics

LAI-2913922v1

1    products.  [Ex. A to Coates Decl. at ¶¶ 9-20; 28-52.]

2            Starlight's non-contractual claims also arise from and relate to the Agreement

3    because they are based on Petters' alleged failure to pay Starlight for consumer

4    electronic products provided under the Agreement.  Even the damages Starlight

5    seeks in connection with these claims duplicate the contractual damages it seeks for

6    its contractual claims – monies allegedly due for unpaid invoices.  Accordingly,

7    these non-contractual claims must also be arbitrated.  See Moses H. Cone Memorial

8    Hospital, 460 U.S. 1, 24 (1983) (affirming line of cases holding that claims for

9    fraud in the inducement of the entire contract containing an arbitration clause were

10   required to be arbitrated) (citing Prima Paint Corp. v. Flood & Conklin Mfg. Corp.,

11   388 U.S. 395, 402-04 (1967)); see also, Simula, 175 F.3d at 726 (holding that

12   resolution of fraud claim was question for the arbitrator).  Accordingly, Starlight's

13   claims against Petters fall within the scope of the Agreement's arbitration clause

14   and must be arbitrated.

15        **C.    Starlight's Claims Brought On Behalf of Hang Seng Are Also**

16              **Subject To Arbitration.**

17              **1.    Hang Seng and Starlight Agreed That They Would be**

18                    **Bound by the Arbitration Clause.**

19            The Agreement expressly provides that it "shall be binding upon . . .

20   [Starlight's] successors and permitted assigns approved by [Petters] . . . ."  [Ex. B to

21   Coates Decl., ¶ 22i.]  Starlight claims that it assigned its right to receive payments

22   from Petters for the purchase of consumer electronics products to Hang Seng.  [Ex.

23   A to Coates Decl. at ¶¶ 14, 17, and Ex. C to Complaint.]  Therefore, Hang Seng, as

24   Starlight's assignee, is bound by the Agreement's arbitration clause.

25              **2.    Hang Seng, as a Matter of Law, Is Bound by the Arbitration**

26                    **Clause.**

27            Hang Seng is also bound by the Agreement's arbitration clause under

28   ordinary contract principles.  See Letizia v. Prudential Bache Securities, Inetizia v.

1  <u>Prudential Bache Securities, Inc.</u>, 802 F.2d 1185, 1187 (9th Cir. 1986) (holding that

2  "nonsignatories to arbitration agreements may be bound by the agreement under

3  ordinary contract and agency principles").  As an assignee, Hang Seng stands in the

4  shoes of Starlight and must arbitrate its claims against Petters.  <u>See</u> <u>GMAC</u>

5  <u>Commercial Credit, LLC v. Springs Industries, Inc.</u>, 171 F.Supp.2d 209, 216

6  (S.D.N.Y. 2001)(holding that "where a factor sues upon a contract with an

7  arbitration clause, *arbitration is part of the contractual right the plaintiff factor*

8  *exercises*")(emphasis in original)).

9          **3.      The Claims Brought on Behalf of Hang Seng Are Within the**

10                  **Scope of the Agreement's Arbitration Clause.**

11          As discussed, the Agreement's arbitration clause mandates that "[a]ny

12  controversy or claim arising out of or relating to th[e] Agreement . . ." be arbitrated.

13  [Ex. B to Coates Decl. at ¶ 21.]  The Agreement broadly "appl[ies] to all Purchase

14  Orders for all Products and Services placed by [Petters] to [Starlight]."  [Id. at ¶ 2a.]

15  Although pled as claims based on the "the Purchase Orders, Invoices, emails and

16  the accounting and book  keeping [sic] systems of Hang Seng Bank," Starlight's

17  claims on behalf of Hang Seng seek only to recover monies allegedly owed by

18  Petters for consumer electronics products manufactured and sold by Starlight to

19  Petters. [Ex. A to Coates Decl. at ¶ 22.]  Therefore, Starlight's claims on behalf of

20  Hang Seng arise from and relate to the Agreement and must be arbitrated.

21  **IV.    CONCLUSION**

22          For the foregoing reasons, Petters Consumer Brands, LLC respectfully

23  requests that the Court dismiss the claims asserted by Starlight Consumer

24  Electronics (USA), Inc., both on its own behalf, and on behalf of Hang Seng Bank,

25  Ltd., and compel Starlight to submit those claims to binding arbitration.

26

27

28

LAI-2913922v1

1

2   Dated:  November 7, 2007                    Respectfully Submitted,

3                                               JONES DAY

4

5   By

6                                               Christina D. Coates

7                                               Attorneys for Defendant
                                                PETTERS CONSUMER BRANDS,
8                                               LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2913922v1

- 9 -

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12265 El Camino Real, Suite 200, San Diego, California 92130. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On November 7, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**

in a sealed envelope, postage fully paid, addressed as follows:

Anton N. Handal, Esq.
Pamela C. Chalk, Esq.
Gabriel G. Hedrrick, Esq.
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, CA 92101
Telephone: (619) 544-6400

Attorneys for Plaintiff STARLIGHT CONSUMER
ELECTRONICS (USA), INC.

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 7, 2007, at San Diego, California.

_____
Yvonne C. Kametani

LAI-2913014v1                                        PROOF OF SERVICE BY MAIL